<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

|  |  |  |
|---|---|---|
| TORMU E. PRALL, | : | |
| | : | |
| Plaintiff, | : | Civil No. 11-5696 (JBS) |
| | : | |
| v. | : | |
| | : | |
| FREDA L. WOLFSON, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

---

**APPEARANCES:**

>       TORMU E. PRALL, Plaintiff <u>pro</u> <u>se</u>
>       #700294B/65073
>       New Jersey State Prison
>       P.O. Box 861
>       Trenton, New Jersey 08625

**SIMANDLE**, District Judge:

       Plaintiff, Tormu E. Prall, a state inmate presently confined at the New Jersey State Prison in Trenton, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u>.  Plaintiff did not submit a complete application herein to proceed <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP") pursuant to 28 U.S.C. § 1915(a), but IFP status was granted Plaintiff with respect to his earlier-filed, ongoing action in <u>Prall v. Bocchini, et al.</u>, Civil No. 10-1228 (FLW).  Accordingly, this Court will allow Plaintiff to proceed as an indigent, and will order the Clerk of the Court to file the Complaint.

       At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed with prejudice.

I.  BACKGROUND

Plaintiff, Tormu E. Prall ("Prall" or "Plaintiff"), brings this civil action, pursuant to 42 U.S.C. § 2000bb, the Religious Freedom Restoration Act of 1993.  Plaintiff essentially alleges that the judicial rulings and delay in the screening of Plaintiff's amended complaint and motion for preliminary injunction by named defendants, the Honorable Freda L. Wolfson, U.S.D.J., the Honorable Lois Goodman, U.S.M.J., and the United States District Court for the District of New Jersey,[1] in Plaintiff's earlier-filed action, Prall v. Bocchini, et al.,

---

[1] That Judge Wolfson is a District Judge and Judge Goodman is a Magistrate Judge of the same court as the undersigned does not preclude the undersigned from adjudicating this case. Recusal of the assigned judge is not appropriate where the claims against the judicial officers are wholly frivolous.  Reddy v. O'Connor, 520 F. Supp. 2d 124, 304 (3d Cir. 2006).  The screening of the complaint may be performed by any judge who was not involved in the judicial conduct which plaintiff assails. Switzer v. Berry, 198 F.3d 1255 (10th Cir. 2000); Tapia-Ortiz v. Winter, 185 F.3d 8 (2d Cir. 1999).  In summary, an assigned judge has the duty to decide the matter, and not to refrain from doing so, where it is obvious that the litigation is frivolous or that judicial immunity is plainly applicable.  Carter v. All Dist. Federal Judges USA, Civil No. 11-2198 (JBS), 2011 WL 1706093 (D.N.J. May 4, 2011); Sain v. Snyder, 2009 WL 1329520, *2-3 (D.N.M. April 6, 2009).

Civil No. 10-1228 (FLW), "have resulted into prison officials using ongoing torture and other forms of cruel and inhuman, degrading and retaliatory treatment/punishment to force Prall from professing a belief in religion." (Complaint, Count I, pg. 11).

Plaintiff seeks a "declaration that the actions or inactions" of defendants "impose a substantial burden on the exercise of Prall's religion." (Compl., Prayer for Relief at ¶ (a)). He also seeks an injunction enjoining the action and inactions as set forth in the Complaint, asks that defendants bear the costs of this lawsuit and further asks for an award or equitable relief as permitted under 42 U.S.C. § 2000bb. (Compl., Prayer for Relief at (b), (c) and (d)).

This Court takes judicial notice that an Opinion and Order was filed on September 23, 2011, in Prall v. Bocchini, et al., Civil No. 10-1228 (FLW), at Docket entry nos. 31 and 32, respectively, whereby Plaintiff's amended complaint was screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and allowed to proceed in part. In addition, an Order to Show Cause was issued on September 23, 2011, directing certain New Jersey State Prison defendants in that action to show cause in writing, within ten (10) days from the date of the Order, why an injunction should not be issued Order against the defendants concerning Prall's allegations of ongoing physical abuse. (September 23, 2011

Order, <u>Prall v. Bocchini, et al.</u>, Civil No. 10-1228 (FLW), at
Docket entry no. 32).

## II.   <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-
134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996),
requires a district court to review a complaint in a civil action
in which a prisoner is proceeding <u>in forma pauperis</u> or seeks
redress against a governmental employee or entity.  The Court is
required to identify cognizable claims and to <u>sua sponte</u> dismiss
any claim that is frivolous, malicious, fails to state a claim
upon which relief may be granted, or seeks monetary relief from a
defendant who is immune from such relief.  28 U.S.C. §§
1915(e)(2)(B) and 1915A.  This action is subject to <u>sua sponte</u>
screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an
§ 1915A.

In determining the sufficiency of a <u>pro se</u> complaint, the
Court must be mindful to construe it liberally in favor of the
plaintiff.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94
(2007)(following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and
<u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)).  <u>See also</u> <u>United
States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must
"accept as true all of the allegations in the complaint and all
reasonable inferences that can be drawn therefrom, and view them
in the light most favorable to the plaintiff."  <u>Morse v. Lower</u>

4

Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court

need not, however, credit a pro se plaintiff's "bald assertions"

or "legal conclusions."  Id.

     A complaint is frivolous if it "lacks an arguable basis

either in law or in fact."  Neitzke v. Williams, 490 U.S. 319,

325 (1989) (interpreting the predecessor of § 1915(e)(2), the

former § 1915(d)).  The standard for evaluating whether a

complaint is "frivolous" is an objective one.  Deutsch v. United

States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

     A pro se complaint may be dismissed for failure to state a

claim only if it appears "'beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle

him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v.

Gibson, 355 U.S. 41, 45-46 (1957)).  See also Erickson, 551 U.S.

at 93-94 (In a pro se prisoner civil rights complaint, the Court

reviewed whether the complaint complied with the pleading

requirements of Rule 8(a)(2)).

     However, recently, the Supreme Court revised this standard

for summary dismissal of a Complaint that fails to state a claim

in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The issue before

the Supreme Court was whether Iqbal's civil rights complaint

adequately alleged defendants' personal involvement in

discriminatory decisions regarding Iqbal's treatment during

detention at the Metropolitan Detention Center which, if true,

violated his constitutional rights.  Id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).[2]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' "Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

---

[2]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed.R.Civ.P. 8(d).

The Court further explained that

> a court considering a motion to dismiss can choose to begin
> by identifying pleadings that, because they are no more than
> conclusions, are not entitled to the assumption of truth.
> While legal conclusions can provide the framework of a
> complaint, they must be supported by factual allegations.
> When there are well-pleaded factual allegations, a court
> should assume their veracity and then determine whether they
> plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[3] that

---

[3] In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id., 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

applied to federal complaints before Twombly.  Fowler, 578 F.3d

at 210.  The Third Circuit now requires that a district court

must conduct the two-part analysis set forth in Iqbal when

presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be
> separated.  The District Court must accept all of the
> complaint's well-pleaded facts as true, but may disregard
> any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50].
> Second, a District Court must then determine whether the
> facts alleged in the complaint are sufficient to show that
> the plaintiff has a "plausible claim for relief." [Id.]  In
> other words, a complaint must do more than allege the
> plaintiff's entitlement to relief.  A complaint has to
> "show" such an entitlement with its facts.  See Phillips,
> 515 F.3d at 234-35.  As the Supreme Court instructed in
> Iqbal, "[w]here the well-pleaded facts do not permit the
> court to infer more than the mere possibility of misconduct,
> the complaint has alleged-but it has not 'show [n]'-'that
> the pleader is entitled to relief.'"  Iqbal, [129 S.Ct. at
> 1949-50].  This "plausibility" determination will be "a
> context-specific task that requires the reviewing court to
> draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this

pro se pleading must be construed liberally in favor of

Plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89

(2007).  Moreover, a court should not dismiss a complaint with

prejudice for failure to state a claim without granting leave to

amend, unless it finds bad faith, undue delay, prejudice or

futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-

111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir.

2000).

III.   ANALYSIS

A.   Judicial Immunity

Generally, a judicial officer in the performance of his or
her duties has absolute immunity from suit.  Mireless v. Waco,
502 U.S. 9, 12 (1991).  This immunity extends to judges of courts
of limited jurisdiction.  Figueroa v. Blackburn, 208 F.3d 435,
441-43 (3d Cir. 2000).  Further, "[a] judge will not be deprived
of immunity because the action he took was in error, was done
maliciously, or was in excess of his authority."  Stump v.
Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L. Ed.2d 331
(1978).  Judicial immunity serves an important function in that
it furthers the public interest in judges who are "at liberty to
exercise their functions with independence and without fear of
consequences."  Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213,
18 L. Ed.2d 288 (1967).  Judicial immunity is an immunity from
suit, not just from ultimate assessment of damages.  Mireless,
502 U.S. at 11.

There are two circumstances where a judge's immunity from
civil liability may be overcome.  These exceptions to the
doctrine of judicial immunity are narrow in scope and are
infrequently applied to deny immunity.  The first exception is
where a judge engages in nonjudicial acts, i.e., actions not
taken in the judge's judicial capacity.  Id.; see also Figueroa,
208 F.3d at 440.  The second exception involves actions that,

9

though judicial in nature, are taken in the complete absence of all jurisdiction. <u>Mireless</u>, 502 U.S. at 11; <u>Figueroa</u>, 208 F.3d at 440.  Neither exception is applicable in the present case.

Clearly, Plaintiff's claims against Judge Wolfson and Judge Goodman involve actions that were plainly taken in their judicial capacity.  Moreover, Plaintiff alleges no set of facts that would support a claim against Judge Wolfson or Judge Goodman under 42 U.S.C. § 2000bb, the Religious Freedom Restoration Act of 1993.  Consequently, the Complaint fails to state a claim and must be dismissed with prejudice with respect to both Judge Wolfson and Judge Goodman.

B.  <u>Claim Against United States District Court</u>

Well-established principles of sovereign immunity bar suit against the United States unless it consents to be sued, the existence of such consent being a prerequisite for jurisdiction. <u>See</u> <u>United States v. Mitchell</u>, 463 U.S. 206, 212 (1983).  Such consent to suit "must be 'unequivocally expressed' in statutory text, and cannot simply be implied." <u>Adeleke v. United States</u>, 355 F.3d 144, 150 (2d Cir. 2004)(citing <u>United States v. Nordic Village, Inc.</u>, 503 U.S. 30, 33 (1992)).  Moreover, any waiver of sovereign immunity will be strictly construed in favor of the sovereign.  <u>Lane v. Pena</u>, 518 U.S. 187, 192 (1996).  A United States District Court is shielded by this immunity, because the real party in interest is the United States.  <u>Pietrangelo v. U.S.</u>

10

Dist. Court Vermont, 223 Fed. Appx. 20, 22 (2d Cir. 2009), cert. denied, 552 U.S. 823 (2007); Hurt v. U.S. Dist. Court Judges, 258 Fed. Appx. 341 (D.C. Cir. 2007).

Here, Plaintiff brings this action pursuant to 42 U.S.C. § 2000bb, the Religious Freedom Restoration Act of 1993 ("RFRA"). RFRA was held unconstitutional as applied to state and local governments because it exceeded Congress' power under § 5 of the Fourteenth Amendment, see City of Boerne v. Flores, 521 U.S. 507 (1997), and preempted by the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc.  See Sossamon v. Texas, __ U.S. __, 131 S.Ct. 1651, 1656 (2011).  However, the law "remain[s] applicable to the federal government... ."  Blackhawk v. Pennsylvania, 381 F.3d 202, 212 (3d Cir. 2004).

RFRA provides that "[a] person whose religious exercise has been burdened in violation of this section may assert that violation ... in a judicial proceeding and obtain appropriate relief against a government."  42 U.S.C. § 2000bb-1(c). "[G]overnment" includes instrumentalities of the federal government.  42 U.S.C. § 2000bb-2(1).  Accordingly, there may be instances where arms of the United States government may be sued for at least some forms of relief under RFRA, specifically, injunctive relief.

In this case, the injunctive relief sought by Plaintiff, seemingly to compel action in his pending lawsuit against prison officials in Prall v. Bocchini, et al., 10-1228 (FLW), has been rendered moot by that court's September 23, 2011 ruling, which allowed part of Plaintiff's claims to proceed and issued an Order to Show Cause with respect to Plaintiff's allegations of ongoing physical abuse by prison officials.  Thus, the only remaining relief sought by Plaintiff in this case is his request that defendants bear the costs of suit and for any other award allowed by statute (RFRA), which plainly suggests some type of monetary relief.

Consequently, the dispositive question here is whether RFRA's reference to "appropriate relief" extends unambiguously to monetary damages so as to allow this claim to proceed against the United States District Court.  Congress need not use magic words to waive sovereign immunity, but the language it chooses must be unequivocal and unambiguous.  See Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999).  On its face, RFRA's reference to "appropriate relief" is not the "sort of unequivocal waiver that our precedents demand," Lane, 518 U.S. at 198, because that broad term is easily susceptible to more than one interpretation.  In some contexts, "appropriate relief" might include damages.  Cf. West v. Gibson, 527 U.S. 212, 222-23 (1999) (holding that Title VII's reference to "appropriate remedies" contemplates

compensatory damages where a statutory cross-reference explicitly authorizes them).  However, another plausible interpretation is that "appropriate relief" covers equitable relief but not damages, given Congress' awareness of the importance of sovereign immunity and its silence in the statute on the subject of damages.  See Lane, 518 U.S. at 196 ("It is plain that Congress is free to waive the Federal Government's sovereign immunity against liability without waiving its immunity from monetary damages awards."); Nordic Village, 503 U.S. at 34 ("Though [a bankruptcy statute], too, waives sovereign immunity, it fails to establish unambiguously that the waiver extends to monetary claims.").[4]

This Court concludes that RFRA's text falls short on this standard for an unequivocal and unambiguous waiver of the federal government's sovereign immunity for damages.  Accordingly, to the extent that this action seeks monetary relief from the United States District Court, it is barred by the doctrine of sovereign immunity.  Because the injunctive relief sought by Plaintiff has been rendered moot by a determination in Prall v. Bocchini, et

---

[4] At least five district courts have concluded that RFRA's textual reference to "appropriate relief" is not an unequivocal waiver of sovereign immunity for damages.  See Lepp v. Gonzales, 2005 WL 1867723, at *8 (N.D. Cal. Aug. 2, 2005); Pineda-Morales v. De Rosa, 2005 WL 1607276, at *13 (D.N.J. July 6, 2005); Jama v. INS, 343 F. Supp.2d 338, 372-73 (D.N.J. 2004); Tinsley v. Pittari, 952 F. Supp. 384, 389 (N.D. Texas 1996); Meyer v. Fed. Bureau of Prisons, 929 F. Supp. 10, 13-14 (D.D.C. 1996).

al., allowing Plaintiff's related claim against prison officials to proceed in that action, the only relief left for Plaintiff to pursue here is monetary damages.  Accordingly, the Complaint will be dismissed with prejudice as against the United States District Court.

Finally, in the alternative, this Court finds that there simply is no basis upon which to find the United States District Court liable under RFRA consistent with Plaintiff's allegations in his Complaint.  Here, Plaintiff does not allege any action by the United States District Court that placed a substantial burden on his ability to practice his religion.  Rather, Plaintiff appears to take issue with the alleged inaction by the court with respect to Plaintiff's lawsuit against New Jersey State Prison officials for allegedly using "torture" and other cruel and unusual punishment to force Prall from professing a belief in his religion.  Consequently, there is no actionable basis to hold the United States District Court liable under RFRA even if this Court determined that money damages were available against the United States District Court.

IV.  CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety as against all named defendants in this action, pursuant to both 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) and 1915A(B)(1) and (2).  Further,

Plaintiff's request for preliminary injunctive relief or a temporary restraining order is denied as moot.  An appropriate order follows.


  **s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge

Dated:  **October 31, 2011**