**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

TORMU E. PRALL,            :
                             :     Civil Action No. 11-5696 (JBS)
             Plaintiff,    :
                             :
             v.             :     **O P I N I O N**
                             :
FREDA L. WOLFSON, et al.,  :
                             :
             Defendants.   :

**APPEARANCES:**

     TORMU E. PRALL, Petitioner <u>pro se</u>
     #700294B/65073
     New Jersey State Prison
     P.O. Box 861
     Trenton, New Jersey 08625

**SIMANDLE**, Chief Judge:

     This matter comes before the Court upon <u>pro se</u> plaintiff, Tormu E. Prall's ("Prall") motion for reconsideration of this Court's October 31, 2011 Opinion and Order that dismissed Prall's civil Complaint, with prejudice, in its entirety as against all named defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) and §§ 1915A(b)(1) and (2). (Docket Entry Nos. 2 and 3). Prall filed his motion for reconsideration on or about November 18, 2011. (Docket Entry No. 4).

     In order to entertain petitioner's motion for reconsideration, the Court will have the Clerk reopen the file. This motion is decided without oral argument pursuant to Federal

Rule of Civil Procedure 78.  For the reasons stated below, the
motion will be denied, and the Clerk will be directed to re-close
the file.

## I.  <u>BACKGROUND</u>

Prall brought a civil complaint under 42 U.S.C. § 2000bb,
the Religious Freedom Restoration Act of 1993, alleging that the
judicial rulings and delay in the screening of Prall's amended
complaint and motion for preliminary injunction by named
defendants, the Honorable Freda L. Wolfson, U.S.D.J., the
Honorable Lois Goodman, U.S.M.J., and the United States District
Court for the District of New Jersey, in Plaintiff's earlier-
filed action, <u>Prall v. Bocchini, et al.</u>, Civil No. 10-1228 (FLW),
"have resulted into prison officials using ongoing torture and
other forms of cruel and inhuman, degrading and retaliatory
treatment/punishment to force Prall from professing a belief in
religion."  (Complaint, Count I, pg. 11).  Prall sought a
"declaration that the actions or inactions" of defendants "impose
a substantial burden on the exercise of Prall's religion."
(Compl., Prayer for Relief at ¶ (a)).

On October 31, 2011, this Court issued an Opinion and Order
dismissing the Complaint in its entirety.  Specifically, this
Court found that judicial immunity applied with respect to Judge
Wolfson and Judge Goodman, namely, that Prall's claims against
the judges involved actions that were plainly taken in their

judicial capacity.  This Court further found that Prall had
alleged no set of facts that would support a claim against Judge
Wolfson or Judge Goodman under 42 U.S.C. § 2000bb, the Religious
Freedom Restoration Act of 1993.  (October 31, 2011 Opinion,
Docket Entry No. 2 at pp. 9-10).

Next, this Court similarly found that Prall's claims against
the United States District Court also failed.  In particular,
this Court ruled:

> Here, Plaintiff brings this action pursuant to 42 U.S.C. §
> 2000bb, the Religious Freedom Restoration Act of 1993
> ("RFRA").  RFRA was held unconstitutional as applied to
> state and local governments because it exceeded Congress'
> power under § 5 of the Fourteenth Amendment, see City of
> Boerne v. Flores, 521 U.S. 507 (1997), and preempted by the
> Religious Land Use and Institutionalized Persons Act of 2000
> ("RLUIPA"), 42 U.S.C. § 2000cc.  See Sossamon v. Texas, __
> U.S. __, 131 S.Ct. 1651, 1656 (2011).  However, the law
> "remain[s] applicable to the federal government... ."
> Blackhawk v. Pennsylvania, 381 F.3d 202, 212 (3d Cir. 2004).
>
> RFRA provides that "[a] person whose religious exercise has
> been burdened in violation of this section may assert that
> violation ... in a judicial proceeding and obtain
> appropriate relief against a government."  42 U.S.C. §
> 2000bb-1(c).  "[G]overnment" includes instrumentalities of
> the federal government.  42 U.S.C. § 2000bb-2(1).
> Accordingly, there may be instances where arms of the United
> States government may be sued for at least some forms of
> relief under RFRA, specifically, injunctive relief.
>
> In this case, the injunctive relief sought by Plaintiff,
> seemingly to compel action in his pending lawsuit against
> prison officials in Prall v. Bocchini, et al., 10-1228
> (FLW), has been rendered moot by that court's September 23,
> 2011 ruling, which allowed part of Plaintiff's claims to
> proceed and issued an Order to Show Cause with respect to
> Plaintiff's allegations of ongoing physical abuse by prison
> officials.  Thus, the only remaining relief sought by
> Plaintiff in this case is his request that defendants bear

the costs of suit and for any other award allowed by statute
(RFRA), which plainly suggests some type of monetary relief.

Consequently, the dispositive question here is whether
RFRA's reference to "appropriate relief" extends
unambiguously to monetary damages so as to allow this claim
to proceed against the United States District Court. Congress
need not use magic words to waive sovereign
immunity, but the language it chooses must be unequivocal
and unambiguous. See Dep't of Army v. Blue Fox, Inc., 525
U.S. 255, 261 (1999). On its face, RFRA's reference to
"appropriate relief" is not the "sort of unequivocal waiver
that our precedents demand," Lane, 518 U.S. at 198, because
that broad term is easily susceptible to more than one
interpretation. In some contexts, "appropriate relief"
might include damages. Cf. West v. Gibson, 527 U.S. 212,
222-23 (1999) (holding that Title VII's reference to
"appropriate remedies" contemplates compensatory damages
where a statutory cross-reference explicitly authorizes
them). However, another plausible interpretation is that
"appropriate relief" covers equitable relief but not
damages, given Congress' awareness of the importance of
sovereign immunity and its silence in the statute on the
subject of damages. See Lane, 518 U.S. at 196 ("It is plain
that Congress is free to waive the Federal Government's
sovereign immunity against liability without waiving its
immunity from monetary damages awards."); Nordic Village,
503 U.S. at 34 ("Though [a bankruptcy statute], too, waives
sovereign immunity, it fails to establish unambiguously that
the waiver extends to monetary claims.").[1]

This Court concludes that RFRA's text falls short on this
standard for an unequivocal and unambiguous waiver of the
federal government's sovereign immunity for damages.
Accordingly, to the extent that this action seeks monetary
relief from the United States District Court, it is barred
by the doctrine of sovereign immunity. Because the
injunctive relief sought by Plaintiff has been rendered moot

---

[1] At least five district courts have concluded that RFRA's
textual reference to "appropriate relief" is not an unequivocal
waiver of sovereign immunity for damages. See Lepp v. Gonzales,
2005 WL 1867723, at *8 (N.D. Cal. Aug. 2, 2005); Pineda-Morales
v. De Rosa, 2005 WL 1607276, at *13 (D.N.J. July 6, 2005); Jama
v. INS, 343 F. Supp.2d 338, 372-73 (D.N.J. 2004); Tinsley v.
Pittari, 952 F. Supp. 384, 389 (N.D. Texas 1996); Meyer v. Fed.
Bureau of Prisons, 929 F. Supp. 10, 13-14 (D.D.C. 1996).

by a determination in <u>Prall v. Bocchini, et al.</u>, allowing
Plaintiff's related claim against prison officials to
proceed in that action, the only relief left for Plaintiff
to pursue here is monetary damages.  Accordingly, the
Complaint will be dismissed with prejudice as against the
United States District Court.

Finally, in the alternative, this Court finds that there
simply is no basis upon which to find the United States
District Court liable under RFRA consistent with Plaintiff's
allegations in his Complaint.  Here, Plaintiff does not
allege any action by the United States District Court that
placed a substantial burden on his ability to practice his
religion.  Rather, Plaintiff appears to take issue with the
alleged inaction by the court with respect to Plaintiff's
lawsuit against New Jersey State Prison officials for
allegedly using "torture" and other cruel and unusual
punishment to force Prall from professing a belief in his
religion.  Consequently, there is no actionable basis to
hold the United States District Court liable under RFRA even
if this Court determined that money damages were available
against the United States District Court.

(October 31, 2011 Opinion at pp. 11-14, Docket entry no. 2).

In a motion for reconsideration dated November 4, 2011

(Docket Entry No. 4), Prall merely argues that this Court erred

in applying the doctrines of judicial immunity and sovereign

immunity.  He then contends, without any explanation, that Judge

Wolfson's decision in her September 23, 2011 Opinion in <u>Prall v.</u>

<u>Bocchini, et al.</u>, Civil No. 10-1228 was "opposite" of the

determinations the Judge made in two unrelated cases regarding

the issue of retaliation.  It would appear that, by this action,

Prall is attempting to re-litigate rulings made in <u>Prall v.</u>

<u>Bocchini, et al.</u>, Civil No. 10-1228, now assigned to the

undersigned judge.  Prall's application for reconsideration does

not provide any elucidation how this Court allegedly overlooked

any legal or factual issues that would warrant reconsideration.

## II.  <u>ANALYSIS</u>

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  <u>United States v. Compaction Sys. Corp.</u>, 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b).  <u>Id</u>. In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.  <u>Bowers v. Nat'l. Collegiate Athletics Ass'n.</u>, 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(i); <u>see</u> <u>NL Industries, Inc. v. Commercial Union Insurance</u>, 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  <u>See</u> <u>United States v. Jones</u>, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  <u>Max's Seafood Café v.</u>

<u>Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* <u>N. River Ins.</u>
<u>Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995)).
The Court will grant a motion for reconsideration only where its
prior decision has overlooked a factual or legal issue that may
alter the disposition of the matter.  <u>Compaction Sys. Corp.</u>, 88
F. Supp.2d at 345; <u>see</u> <u>also</u> L.Civ.R. 7.1(i); <u>Dunn v. Reed Group</u>,
2010 U.S. Dist. LEXIS 2438 (D.N.J. Jan. 13, 2010)(L.Civ.R. 7.1(i)
creates a specific procedure by which a party may ask the court
to take a second look at any decision "upon a showing that
dispositive factual matters or controlling decisions of law were
overlooked by the court in reaching its prior decision").  "The
word 'overlooked' is the operative term in the Rule."  <u>Bowers</u>,
130 F. Supp.2d at 612 (citation omitted); <u>see</u> <u>also</u> <u>Compaction</u>
<u>Sys. Corp.</u>, 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only
those matters of fact or issues of law which were presented to,
but not considered by, the court in the course of making the
decision at issue.  <u>See</u> <u>SPIRG v. Monsanto Co.</u>, 727 F. Supp. 876,
878 (D.N.J.), <u>aff'd</u>, 891 F.2d 283 (3d Cir. 1989).  Thus,
reconsideration is not to be used as a means of expanding the
record to include matters not originally before the court.
<u>Bowers</u>, 130 F. Supp.2d at 613; <u>Resorts Int'l. v. Greate Bay Hotel</u>
<u>and Casino, Inc.</u>, 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992);
<u>Egloff v. New Jersey Air National Guard</u>, 684 F. Supp. 1275, 1279

7

(D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Prall fails to allege that this Court actually "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for the Court to entertain the motion for reconsideration.  Instead, Prall simply disagrees with this Court's assessment that judicial immunity applied, and that the Complaint failed to allege any action by the United States District Court that actually placed a substantial burden on Prall's ability to practice his religion in violation of RFRA.

Consequently, Prall cannot satisfy the threshold for granting a motion for reconsideration of the October 31, 2011 Opinion and Order herein.  He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice.  Prall's only recourse, if he disagrees with this Court's decision, should be via the normal appellate process.  He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

## III. <u>CONCLUSION</u>

Therefore, for the reasons expressed above, the Clerk will be directed to reopen this file for review of Prall's motion for

reconsideration, and the motion will be denied for lack of merit.

An appropriate Order follows.


  **s/ Jerome B. Simandle**
JEROME B. SIMANDLE, Chief Judge
United States District Court

Dated:  **June 11, 2012**